UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § | CIVIL ACTION NO. H-05-2945 |
| | § | |
| EGS ELECTRICAL GROUP, L.L.C., | § | |
| *Defendant.* | § | |

**MEMORANDUM AND ORDER**

Defendant EGS Electrical Group L.L.C. (EGS) has filed a motion for reconsideration (Dkt. 63) of this court's memorandum and order (Dkt. 62) denying EGS's motion for summary judgment on the EEOC's retaliation claim on behalf of April Harrison. Having considered the parties' submissions, all matters of record, and applicable law, the court concludes that EGS's motion should be denied.

The Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration." *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Instead, a motion for reconsideration can be treated as a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b). *Id.* EGS has filed its motion pursuant to Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) is properly invoked

"to correct manifest errors of law or fact or to present newly discovered evidence." *In re TranstexasGas Corp.*, 303 F.3d at 581. A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

EGS's motion challenges the court's finding that there is a jury issue whether changes to Harrison's job constituted "materially adverse" employment actions under the *Burlington* standard. EGS cites unpublished Fifth Circuit decisions and other district court opinions issued post-*Burlington*, but essentially the motion presents no argument or legal authority that could not have been raised in connection with its summary judgment motion. Moreover, the legal authorities cited by EGS do not indicate that the March 21, 2007 memorandum and order contains any error of law or fact, manifest or not. Therefore, it is

ORDERED that EGS's motion for reconsideration (Dkt. 63) is denied. It is further

ORDERED that EEOC's motion to strike (Dkt. 64) is denied.

Signed at Houston, Texas on April 30, 2007.

Stephen Wm Smith
United States Magistrate Judge